IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROGER LEE CHAMPION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:20-cv-518-JTA |
| | ) |
| SHERIFF BILL FRANKLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff, an inmate incarcerated at the Elmore County Jail, filed this *pro se* 42 U.S.C. § 1983 action on July 24, 2020. On September 14, 2020, the Court directed Defendants to file an Answer and Written Report addressing Plaintiff's claims for relief in the Amended Complaint. Doc. 15. In compliance with the Court's Order, Defendants submitted an answer and written report which contained relevant evidentiary materials refuting the allegations in the Amended Complaint. Doc. 21. Upon review of the report, the Court issued an Order directing Plaintiff to file a response. Doc. 22. The Order advised Plaintiff his failure to respond to the report would be treated by the Court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 22 at 2. The Order "specifically cautioned [Plaintiff] that [his failure] to file

---

[1] The parties in this case consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States magistrate judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 23.

a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time for Plaintiff to file a response in compliance with the directives of the Court's January 19, 2021, Order expired on February 9, 2021. Doc. 22. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' report. The Court, therefore, concludes this case should be dismissed.

The Court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the Court finds dismissal is appropriate. The Court finds that the imposition of monetary or other punitive sanctions against Plaintiff would be ineffectual as he is an indigent individual. Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting his claims suggests a loss of interest in the continued prosecution of this case. And it appears any additional effort by this Court to secure Plaintiff's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the Court concludes Plaintiff's abandonment of this case and his failure to comply with the orders of the Court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the foregoing reasons, this case is DISMISSED without prejudice.

A Final Judgment will be entered separately.

DONE this 9th day of April, 2021.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE